## Wiggin & a. v. Lewis and Trustee.

In process of foreign attachment, it appeared that the trustee had given the defendant a promissory note for $200, which was indorsed to a third person, who presented it to the trustee, stating that he held it as collateral security for a debt due him from the defendant. The trustee paid the holder a part of the sum due, which was indorsed on the note, and it was *held*, that he was chargeable for the balance due on the note, as the property of the defendant, in the hands of the trustee, could not be put out of the reach of his creditors without their assent.

Foreign Attachment. The case was committed to an auditor, from whose report it appeared that, in the year 1837, the defendant was appointed a deputy sheriff for the county of Hillsborough, and that the trustee became his surety on a bond to the sheriff of the county. In the year 1841, the defendant absconded, and at that time he held several notes of hand, payable to himself, and signed by the trustee. When he went away, he left directions that these notes should be delivered to the trustee, to indemnify him for his liabilities on the bond, and the trustee gave a receipt, stating that he held the notes for the purpose of indemnity. On the 15th of December, 1840, the trustee gave the principal a note for $200, and interest, and this note was indorsed by the principal, and presented to the

trustee, by one Esty of Nashua, who said he held it as collateral security for a debt against the principal. On the 27th of October, 1841, Brown, the trustee, paid Esty $164, which was indorsed upon the note, and Esty released the trustee, agreeing not to call on him for the balance. When the principal absconded, the trustee owed him $35,09.

The report contains a statement of the accounts between the principal and trustee, the amount due on the Esty note, being reckoned by the auditor, in stating the items which he finds due from the trustee to the principal.

Various other facts are stated in the report, into which it is unnecessary at present to inquire, but it is agreed that these facts should be submitted to the court, for the purpose of determining the question raised by the auditor, who reports that if the court should be of opinion that the trustee is not held on account of the note indorsed to Esty, then there is no balance in his hands; otherwise he should be charged with the sum of $51,26.

*Hazleton* and *Parker*, for the plaintiffs.

*Farley*, for the trustee.

GILCHRIST C. J. It appears, in this case, that the trustee's note, dated on the 15th of December, 1840, and payable to the defendant, for the sum of $200, was presented to Brown by Esty, who said that he held it as collateral security for a debt due him from the defendant. On the 27th of October, 1841, the trustee paid Esty $164 on the note, and Esty released him from any further claim upon it. And we understand that the trustee has never been called upon to pay the balance.

Now this balance was due, and the trustee should be charged with it. Esty held the note merely as collateral security, and could not discharge the maker from all liability to pay it, upon receiving only a part of it. The property of

the defendant, in the hands of the trustee, could not be put out of the reach of his creditors by any arrangement of this kind to which they were not parties, and to which they had never given their assent.

This is the only question raised by the case. The auditor finds that if the court should be of opinion that the trustee is not held on account of the Esty note, there is no balance in his hands. We think he is chargeable on account of the balance due on the note, and the amount of his liability must be calculated according to this opinion. The auditor's report finds the amount due to be $51,26, and he has reckoned the balance due on the Esty note, in stating the sums due from the trustee to the defendant.

*Trustee charged.*